AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**SOUTHERN** DISTRICT OF **ALABAMA**

UNITED STATES OF AMERICA

v.

SAMANTHA LEIGH KIMBROUGH

**CRIMINAL COMPLAINT**

CASE NUMBER: 10-146-N

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **August 21, 2010** in Mobile County, in the Southern District of Alabama, defendant did **possess and manufacture firearms which were not registered in the National Firearms Registration and Transfer Record.**

in violation of Title **26** United States Code, Section(s) **5861(d)&(f)**.

I further state that I am a **ATFE Special Agent** and that this complaint is based on the following facts:

See Attached Affidavit hereby incorporated by reference as if fully restated herein.

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
SA Stephen P. Thompson
ATFE

Sworn to before me and subscribed in my presence,

August 26, 2010                                at      Mobile, Alabama
Date                                                   City and State

Katherine P. Nelson
Name & Title of Judicial Officer                       Signature of Judicial Officer



## AFFIDAVIT

I, Stephen P. Thompson, being duly sworn, state the following:

1. Your affiant is employed as a Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and is charged with investigating violations of Federal Firearms and Explosives Laws. Your affiant has been so employed for approximately six years and is assigned to the Mobile Field Office. Prior to employment with the ATF, your affiant was employed as a Federal Air Marshal with the United States Department of Homeland Security, Immigration and Customs Enforcement, Federal Air Marshal Service for approximately two years and ten months, a Border Patrol Agent with the United States Department of Justice, Immigration and Naturalization Service, Border Patrol for approximately two years and two months, and a Police Officer with the Dothan Police Department for approximately one year and one month.

2. Your affiant has attended and graduated from the ATF Special Agent Basic Training Program, the ATF Special Response Team Basic School, the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, the United States Federal Air Marshal Service Phase I and Phase II training programs, the United States Border Patrol Academy, and the Southwest Alabama Police Academy.

3. Your affiant is involved in an investigation regarding alleged violations of Federal Firearms Laws on the part of Samantha Leigh Kimbrough (W/F, ⟨redacted⟩). Your affiant has knowledge of information that is either, personally known to the affiant, or has been provided to the affiant by other law enforcement personnel and witnesses.

4. As a result of your affiant's training and experience as an ATF Special Agent, your affiant is knowledgeable of Federal Firearms Laws. Your affiant believes that a crime has been committed by Kimbrough involving the illegal possession of destructive devices.

5. On Saturday, August 21, 2010, the ATF Mobile Field Office was contacted by Investigator (Inv.) Brian Smith with the City of Mobile, Fire Marshal's Office in reference to a pipe bomb explosion that occurred at the Dreamland Skate Center located at 5672 Three Notch Road, Mobile, AL 36619. Your affiant in addition to SA Mark Sloke and ATF Task Force Officer Louis Screws responded to the scene. Evidence from the scene was photographed, collected and taken into ATF custody. Damage at the scene was limited to a ten ton air conditioning unit on the exterior of the business with no injuries reported.

6. On Wednesday, August 25, 2010, your affiant and Inv. Smith interviewed Kimbrough in reference to her knowledge of the bombing. Kimbrough admitted

to manufacturing, possessing and detonating the destructive device used in the bombing at the Dreamland Skate Center.

7. Kimbrough also admitted to attempting to set fire to Jessica Miller's residence located at                                      . This event occurred on or about Wednesday, May 15, 2010.

8. Kimbrough further admitted to manufacturing and possessing a second destructive device that caused damage to the interior of the Dreamland Skate Center on or about Wednesday, July 7, 2010. Kimbrough stated she broke the glass to the front doors of the Dreamland Skate Center utilizing an ASP Baton, threw a super bubble bubblegum bucket containing approximately two gallons of gasoline into the building and then threw a Molotov cocktail into the building. Kimbrough described the Molotov cocktail as a Boones Farm beverage bottle filled with rubbing alcohol with a rag for a wick.

9. Kimbrough also admitted to manufacturing and possessing a third destructive device. Kimbrough described the third destructive device as a pipe bomb constructed at the same time as the device used in the bombing of the Dreamland Skate Center. Kimbrough stated around the beginning of the month of August 2010, she lit the fuse of the device and threw it in the driveway of Jessica Miller's residence and drove away. Kimbrough did not indicate whether the device detonated or not.

10. On Wednesday, August 25, 2010, your affiant, SA Wade Vittitow and Inv. Smith contacted Jessica Miller at her residence. Miller indicated she was unaware of the pipe bomb being thrown in her driveway. After a search of the area adjacent to Miller's driveway, the pipe bomb was located in the grass in the neighbor's yard. The device was still intact and had not detonated. The fuse to the device appeared to be missing. The destructive device was photographed and rendered-safe by the Mobile Police Department Bomb Squad who responded to the scene. The device was collected for evidence and taken into ATF custody.

11. Your affiant is aware that a query has been made to the Bureau of Alcohol, Tobacco, Firearms and Explosives National Firearms Act Branch which maintains the National Firearm Registration and Transfer Record. This query disclosed that Samantha Leigh Kimbrough has never paid a special occupational tax and that no Title II firearms are registered to Samantha Leigh Kimbrough.

12. According to the Gun Control Act (GCA) of 1968, a destructive device is defined as a firearm under 18 United States Code, Sections 921(a)(3) and (a)(4).

13. Your affiant believes that based on the aforementioned facts, there is probable cause to believe that Samantha Leigh Kimbrough violated the National Firearms Act under 26 United States Code, Sections 5861 (d) and (f) for possessing and manufacturing firearms which were not registered to her in the National Firearms

Registration and Transfer Record. Based on the aforementioned facts, your affiant respectfully request that an arrest warrant be issued for Kimbrough.

_____
Stephen P. Thompson
ATF Special Agent

Subscribed and sworn to before me on this 26th day of August, 2010

_____
United States Magistrate Judge
Katherine P. Nelson